# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCIENNE AMISIAL AND,<br>GERARD DONAT, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | K15C-12-027 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| GEORGE SCOTT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Submitted: February 21, 2019
Decided: February 27, 2019

*Upon Plaintiffs' Motion for Costs and Pre-judgment Interest*
*GRANTED, in part*

On this 27th day of February, 2019, having considered Plaintiffs Francienne Amisial and Gerard Donat's ("Plaintiffs'") motion for costs and pre-judgment interest, and Defendant George Scott's ("Defendant's) response, it appears that:

1. A jury returned a verdict in this personal injury automobile accident case in favor of Francienne Amisial and Gerard Donat on January 29, 2019. It awarded Plaintiff Amisial $40,000 and her husband, Plaintiff Donat, $10,000 for loss of consortium.

2. On October 3, 2018, Plaintiffs sent a demand to Defendant pursuant to 6 *Del. C.* § 2301(d) for $15,000. Section 2301(d) of Title 6, of the Delaware Code provides that:

> interest shall be added to any final judgment entered for damages award . . . commencing from the date of injury, provided that prior

> to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less that the amount of damages upon which the judgment was entered.

In the event of an award of pre-judgment interest under this subsection, the rate is set at five percent over the federal reserve discount rate.[1]

3. Here, the Plaintiffs' demand and the end result met the requirements of this section. Accordingly, the Plaintiffs are due pre-judgment interest running from the date of the accident, March 24, 2014. In support of their claim, they attach a printout from an on-line certificate of deposit calculator as an exhibit to their motion. The Defendant does not challenge the rate used by Plaintiffs but challenges the accuracy of Plaintiffs' calculation. Without more detail regarding Plaintiffs' method of calculating pre-judgment interest, the Court finds it appropriate to defer to the Defendant's calculation which sets forth his reasoning more fully.[2] Accordingly, the Court will award $12,335.65 in pre-judgment interest.

4. Defendants also partially contest the File & Serve Xpress fees Plaintiffs seek as costs. After reviewing the itemization of filing fees and service fees, the Court finds that all except $20 of the filing fees were necessarily incurred by Plaintiffs for purposes of prosecuting the action. Accordingly, the Court will award Plaintiffs $1,079 in court costs, which include electronic filing fees and Sheriff's fees for service of the complaint.

5. Finally, Plaintiffs seek recovery of $2,000 in expert witness fees payed to Plaintiff Amisial's treating physician for his videotaped trial testimony prior to trial as well as the costs of preparing the video. Defendant contests the fee based upon reasonableness because the deposition was approximately 35 minutes in length. Plaintiffs' documentation indicates that $2,000 was initially billed by the doctor, but,

---

[1] 6 *Del.C.* § 2301(a).
[2] The difference in the parties' positions is $12.83.

a hand written, initialed note on the doctor's letter bill references that the charge was adjusted. The letter bill with a noted adjustment does not substantiate a $2,000 witness fee. It is Plaintiffs' obligation to justify the amounts sought for costs. At trial, the Court observed the deposition and finds that $600 is appropriate for the doctor's approximately thirty-five minute video deposition. Plaintiffs' costs for the video-taped deposition preparation in the amount of $505 are also appropriately awarded as costs

WHEREFORE, Plaintiffs' motion for costs and pre-judgment interest is GRANTED, IN PART. IT IS HEREBY ORDERED that final judgment is entered against Defendant George Scott, and in favor of Plaintiffs Francienne Amisial and Gerard Donat as follows:

1. $40,000 in favor of Plaintiff Francienne Amisial;

2. $10,000 in favor of Plaintiff Gerard Donat;

3. Pre-judgment interest through January 29, 2018, in the amount of $12,335.65, to both Plaintiffs;

4. Costs awarded to both Plaintiffs in the amount of $2,184; and

5. Post judgment interest calculated at the legal rate after January 29, 2019.

/s/Jeffrey J Clark
Judge